IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RYAN P.,[1]                                         No. 2:20-cv-2004-MO

              Plaintiff,                        OPINION & ORDER

    v.

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION,

              Defendant.


MOSMAN, District Judge:

      This matter comes before me on Plaintiff Ryan P.'s Complaint [ECF 1] against

Defendant Commissioner of the Social Security Administration. For the reasons given below, I

REVERSE the Commissioner's decision and REMAND this case for further proceedings.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the nongovernmental party in this case.

## PROCEDURAL BACKGROUND

On August 27, 2018, Plaintiff applied for Supplemental Security Income benefits ("SSI") under Title XVI of the Social Security Act, with a protective filing date of July 27, 2018, alleging disability beginning December 30, 2016. Tr. 277. The Social Security Administration ("SSA") denied his claim initially and upon reconsideration. Tr. 166, 173. Plaintiff appeared represented by counsel before Administrative Law Judge ("ALJ") Marie Palachuk in March 2020. Tr. 29-48. On March 27, 2020, the ALJ issued a decision denying Plaintiff's claims for benefits. Tr. 24. Plaintiff filed an appeal, and the Appeals Council denied review. Tr. 1.

## THE ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 16. At step two, the ALJ found Plaintiff had the following severe, medically determinable impairments: psoriatic arthritis, degenerative disc disease of the lumbar spine with ankylosing spondylitis, chronic pain syndrome, and affective disorder. Tr. 16. At step three, the ALJ found no impairment met or equaled the severity of any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 17. The ALJ assessed Plaintiff's residual functional capacity ("RFC"), as follows:

> to perform light work…[he] can lift from the floor to counter height no more than occasionally. The claimant requires a two- or three- minute stretch break at the workstation each 30 to 60 minutes. The claimant can occasionally perform all postural activities (balance, stoop, kneel, crouch, crawl, climb). The claimant can understand, remember, and carry out simple, routine tasks and is able to maintain attention and concentration for such tasks for two-hour intervals between regularly scheduled breaks.

Tr. 19.

At step four, the ALJ determined that Plaintiff was unable to perform any past relevant work. Tr. 23. At step five, the ALJ found that Plaintiff retained the ability to perform other jobs in the national economy. Tr. 23. The ALJ therefore found Plaintiff not disabled. Tr. 25.

## LEGAL STANDARD

Courts must uphold the ALJ's decision if it "was supported by substantial evidence and based on proper legal standards." *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). "Substantial evidence is "more than a mere scintilla," and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1150 (2019) (internal quotation marks omitted). When "evidence is susceptible of more than one rational interpretation ... the ALJ's conclusion ... must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Errors in the ALJ's decision do not warrant reversal if they are harmless. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006).

## DISCUSSION

Plaintiff raises only one issue with the ALJ's decision. He contends that substantial evidence does not support the ALJ's decision to reject Dr. Jeffrey Hansen's medical opinion.

## I.    Medical Opinion Evidence

New regulations about weighing medical opinion evidence apply to claims filed on or after March 27, 2017. Rules Regarding the Evaluation of Medical Evidence, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. §§ 404.1520c, 416.920c. Under the new regulations, ALJs are no longer required to give deference to any medical opinion, including treating source opinions. *Id.* Instead, the agency considers several factors. 20 C.F.R. §§ 404.1520c(a), 416.920c(a). These are: supportability, consistency, relationship to the claimant, specialization, and "other factors." 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5). The

"most important" factors in the evaluation process are supportability and consistency. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).

Under this framework, the ALJ must "articulate . . . how persuasive [they] find all of the medical opinions" from each doctor or other source. 20 C.F.R. §§ 404.1520c(b), 416.920c(b)(2). In doing so, the ALJ is required to explain how supportability and consistency were considered and may explain how the other factors were considered. 20 C.F.R §§ 404.1520c(b)(2), 416.920c(b)(2). When two or more medical opinions or prior administrative findings "about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same," the ALJ is required to explain how the other factors were considered. 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3). "Even under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

A.     Dr. Jeffrey Hansen

Dr. Jeffrey N. Hansen testified at the hearing as a medical expert. Tr. 29, 32-39. Dr. Hansen testified that Plaintiff had "what looks to be a fairly definitive diagnosis of inflammatory arthritis, both in the form of psoriatic arthritis and ankylosing spondylitis, which are two autoimmune disorders." Tr. 33. Dr. Hansen testified that Plaintiff has been treated with Humira and later Cosentyx, which "are pretty potent drugs that are done only when someone has a truly autoimmune disorder." Tr. 34. Dr. Hansen also testified that Plaintiff suffered from degenerative disc disease of the lumbar spine, "ultimately resulting in a two-level decompression and fusion both anterior and posterior" in September 2016. Tr. 34.

Dr. Hansen testified that Plaintiff had a new MRI in 2018, which was ambiguous about the status of the fusion at L5-S1, and consulted a surgeon but was not offered further surgery. Tr. 35–36. Dr. Hansen testified that Plaintiff has no gross neurological deficit, but has pain and "has been trying to deal with the pain management as best he can." Tr. 36.

In terms of functional limits, Dr. Hansen testified that Plaintiff would be capable of a range of light exertion, with additional limitations generally consistent with the RFC. *Compare* Tr. 36–37 *with* Tr. 19. However, on cross-examination by Plaintiff's attorney, Dr. Hansen offered an additional limitation:

> I think that it's predictable that he may well have two absences a month, maybe three on average, either where he has to leave early, either for an appointment or a treatment, or his symptoms are exacerbated, or he just couldn't show up at all. . . . I would think, based on the record, that he would be reasonably functional. But these chronic lower back problems, and then when you throw in the autoimmune component to it, there can be some variability from—well, there will be, predictably, from day to day.

Tr. 38

The ALJ found Dr. Hansen's opinion "generally persuasive," but rejected Dr. Hansen's opinion that Plaintiff would likely be absent 2-3 times per month. Tr. 21. The ALJ noted that his testimony about Plaintiff's absenteeism was "considerably speculative" and that Dr. Hansen "did not have evidence establishing the claimant would miss work." Tr. 21.

First, the ALJ sufficiently evaluated the supportability of Dr. Hansen's absenteeism opinion by concluding there was a lack of record evidence to back the opinion up. The supportability factor requires the ALJ to evaluate the relevant objective medical evidence—that is, clinical signs and diagnostic findings, *see* 20 C.F.R. §§ 404.1502(c), (f), (g)—and the supporting explanations a medical source provides for their opinions. 20 C.F.R. § 404.1520c(c)(1). Lack of objective medical evidence alone is sufficient to reject a medical

opinion if it is "brief, conclusory, and inadequately supported by clinical findings." *Ford v. Saul*,
950 F.3d 1141, 1154 (9th Cir. 2020). The ALJ dismissed Dr. Hansen's absenteeism opinion
because he "clarified he did not have evidence establishing the claimant would miss work" due
to his pain symptoms. Tr. 21. Dr. Hansen cited no clinical signs or diagnostic findings of pain to
support his opinion. Tr. 38. And Plaintiff points to no objective medical evidence in Dr.
Hansen's opinion in his brief. *See* Pl. Br., ECF No. 11 at 7. The only evidence in the record that
might support Dr. Hansen's opinion—but which Dr. Hansen does not himself rely upon—is
Plaintiff's own testimony about his pain, and conclusion that "he would be absent from work "at
least" four or five days per week. Tr. 42. The ALJ considered this evidence in her written
opinion, and discounted Plaintiff's testimony as inconsistent with the record and Plaintiff's daily
activities. Tr.20. Plaintiff does not contest this finding. *See* Pl. Br. Ultimately, the ALJ
adequately evaluated Dr. Hansen's opinion, and her decision to find it lacked supportability is
supported by substantial evidence. 20 C.F.R. §§ 404.1502c.

The ALJ erred, however, when she failed to consider the consistency of Dr. Hansen's
absenteeism opinion with other record evidence. An opinion's persuasiveness is a function of its
consistency with "evidence from other medical sources and nonmedical sources in the claim,"
which the ALJ must consider when evaluating medical opinions. 20 C.F.R. §§ 404.1520c(c)(2),
416.920c(c)(2); *Woods*, 32 F.4th at 792. The ALJ did not address whether Dr. Hansen's
absenteeism opinion was consistent with evidence from any other source. *See* tr. 21. Nor does the
Commissioner identify where the ALJ did so in her opinion. *See generally,* Def. Br, ECF No. 12.
Failure to address the consistency factor is error. *See Woods*, 32 F.4th at 792 (alterations in
original) (citations omitted) ("The agency must 'articulate ... how persuasive' it finds 'all of the
medical opinions' from each doctor or other source and 'explain how [it] considered the

supportability and consistency factors' in reaching these findings."). The ALJ elided "supportability" and "consistency," but these are terms of art under the regulations, which require independent analysis. *See id.* at 793 n.4. The Court finds that the ALJ failed to make any meaningful consistency finding when evaluating Dr. Hansen's absenteeism opinion. On remand, the ALJ should address the consistency factor as required by 20 C.F.R. § 416.920c(c)(2) and Ninth Circuit case law, and incorporate any necessary changes into the RFC.

The ALJ's error was harmful. "[A] reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006). If the ALJ fully credited Dr. Hansen's absenteeism opinion, she may well have found Plaintiff disabled. Thus, the Court reverses the ALJ's decision. In its discretion, the Court remands for further proceedings consistent with this opinion. *See Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014) (The Court has "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act."). On remand, the ALJ should consider whether Dr. Hansen's absenteeism opinion is consistent with other medical opinions in the record, and adjust the RFC if necessary.

## CONCLUSION

For the reasons given above, I REVERSE the Commissioner's decision and REMAND this case for further proceedings consistent with this Order.

IT IS SO ORDERED.

DATED:___July 28th, 2023_____.


*Michael W. Mosman*
MICHAEL W. MOSMAN
United States District Judge